IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON THORNTON, | 1:06-cv-1160-OWW-TAG HC |
| Petitioner, | |
| vs. | REPORT AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS  (Doc. 1) |
| DAVID GOTTLIEB, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On September 25, 2006, the Court issued an order requiring Petitioner to submit a certified copy of his prison trust account statement for the entire six-month period immediately preceding the filing of the petition OR pay the $5.00 filing fee for this action], within thirty (30) days from the date of service of that order.  (Doc. 4).  On October 4, 2006, Petitioner filed a motion to proceed in forma pauperis which did not include a certified copy of his prison trust account. (Doc. 5).  On October 10, 2006, the Court ordered Petitioner to file a new motion to proceed in forma pauperis that includes a certified copy of the trust account statement within thirty (30) days. (Doc. 6).   The thirty-day period has passed, and Petitioner has failed to comply with or otherwise respond to the Court's order.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

1  manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring
2  disposition of cases on their merits; and, (5) the availability of less drastic alternatives.  Henderson v.
3  Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The
4  Court finds that the public's interest in expeditiously resolving this litigation and the court's interest
5  in managing the docket weigh in favor of dismissal.  The third factor, risk of prejudice to
6  Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the
7  occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524
8  (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is
9  greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning
10 to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of
11 alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Malone v.
12 U.S. Postal Service, 833F.2d 128, 132-33 (9th Cir. 1987); Henderson v. Duncan, 779 F.2d at 1424.
13 The Court's order of October 10, 2006 expressly stated: "Failure to comply with this order will result
14 in a recommendation that this action be dismissed." (Doc. 6, p. 2).  Thus, Petitioner had adequate
15 warning that dismissal would result from his noncompliance with the Court's order.
16         Accordingly, the Court HEREBY RECOMMENDS that this petition for writ of habeas
17 corpus (Doc. 1) be DISMISSED for Petitioner's failure to prosecute.
18         This Report and Recommendation is submitted to the United States District Court Judge
19 assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
20 Local Rules of Practice for the United States District Court, Eastern District of California.  Within
21 fifteen (15) days after being served with a copy, any party may file written objections with the court
22 and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate
23 Judge's Report and Recommendation."  Replies to the objections shall be served and filed within ten
24 (10) court days (plus three days if served by mail) after service of the objections.  The Court will
25 then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are
26 ///
27 ///
28

1  advised that failure to file objections within the specified time may waive the right to appeal the
2  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4  IT IS SO ORDERED.

5  Dated:   **January 31, 2007**                              /s/ Theresa A. Goldner
   **j6eb3d**                                       UNITED STATES MAGISTRATE JUDGE